FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAY -4 AM 9:42
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA REYNOLDS
*Appellant*,

v.

STATE OF MARYLAND, DLLR
*Appellee*.

Civil Action No. ELH-17-3158

## MEMORANDUM

This bankruptcy matter is before the Court on an appeal filed by Joshua Reynolds, who is self-represented. *See* ECF 1 (Notice of Appeal); 28 U.S.C. § 158(a)(1). Reynolds, who was the debtor in a related Chapter 7 bankruptcy case, appeals an order of the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"), granting summary judgment in an adversary proceeding in favor of plaintiff, the Maryland Department of Labor, Licensing and Regulation ("DLLR"), and against Reynolds, defendant. ECF 1-1 (Order of October 13, 2017). The Order entered judgment in favor of DLLR in the total amount of $7,208.71. *Id.* Moreover, the Bankruptcy Court concluded that Reynolds's debt to DLLR was "non-dischargeable." *Id.*

On appeal, Reynolds raises three issues: (1) the Bankruptcy Court's hearing on the Motion for Summary Judgment was "not relevant to the Dischargeability of the Debt"; (2) the "Ruling" of the Bankruptcy Court failed to "meet the legal standard" for summary judgment under Fed. R. Civ. P. 56; and (3) by granting summary judgment, the Bankruptcy Court effectively denied Reynolds his "14th Amendment right to a trial." ECF 4-1 (Reynolds's Statement of the Issues); *see also* ECF 7 (Reynolds's Brief).

DLLR filed a "Designation of Record" (ECF 8), consisting of fifteen exhibits. It also filed a brief. ECF 10. Reynolds filed a response brief. *See* ECF 13.

DLLR also moved to dismiss the appeal (ECF 5, "Motion") on the ground that Reynolds, the appellant, failed to file a designation of the record. Reynolds opposes the Motion. ECF 12 ("Opposition"). DLLR has not filed a reply and the time to do so has expired. *See* Local Rule 105.2.a.

No hearing is necessary to resolve the Motion or the appeal. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

In the exercise of my discretion, I shall deny the Motion. However, I shall affirm the Bankruptcy Court.

### I. Discussion

#### A.

Fed. R. Bankr. P. 8009(a)(1)(A) states, *id.*: "The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal[.]" And, Fed. R. Bankr. P. 8009(a)(1)(B)(i) states, *id.*: "The appellant must file and serve the designation . . . within 14 days after (i) the appellant's notice of appeal as of right becomes effective[.]" Moreover, "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(5).

In the recent case of *In re Echeverry*, ___ F. App'x ___, 2018 WL 509307, at *1 (11th Cir. 2018), the Eleventh Circuit stated: "To challenge a finding or conclusion as unsupported by, or contrary to the evidence, the appellant must designate the transcript of any relevant testimony or

exhibits as a part of the record on appeal" under Fed. R. Bankr. P. 8009(a)(1)(A) and Fed. R. Bankr. P. 8009(b)(5). *See also In re Downs*, 614 F. App'x 855, 856 (7th Cir. 2015) ("A district court has discretion to dismiss an appeal from the bankruptcy court if the appellant disregards procedural rules."); *In re Dunlap*, 16-cv-37, 2017 WL 374915, at *3 (W.D.N.C. Jan. 5, 2017) ("[B]y failing to adequately designate [the issues on appeal under Fed. R. Bankr. P. 8009(a)(1)(A)] . . . there is not an issue on appeal for this Court to review and the appeal will be dismissed."); *LaBarre v. Ulrich*, cv-15-1959, 2016 WL 927140, at *2 (D. Ariz. Mar. 11, 2016) ("The Court concludes that the appeal should be dismissed. . . . Debtors have failed to secure transmission of the record of appeal to the Court despite the bankruptcy court's having notified them of this deficiency."); *Galasso v. Imes*, A-15-CA-578-SS, 2015 WL 6443135, at *5 (W.D. Tex. Oct. 22, 2015) ("Dismissal of the appeal may be appropriate where the record does not disclose the factual or legal basis of the bankruptcy court's decision, and the appellant has failed to provide the reviewing court with key portions of the record.") (citations omitted).

Reynolds noted his appeal on October 26, 2017. As DLLR points out, pursuant to Fed. R. Bankr. P. 8009(a)(1)(A), Reynolds "was required to file with the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal", and he was to do so within fourteen days "after the notice of appeal" was filed in this Court. ECF 5, ¶¶ 1-2.

In his Opposition, Reynolds states, *inter alia*, that he "has filed all documents in a timely" manner. *Id.* at 1. However, Reynolds never filed a designation of items to be included in the record on appeal. *See* Docket.[1] Therefore, by Order of April 12, 2018 (ECF 15), I directed Reynolds to file a designation of items to be included in the record on appeal, due by April 30,

---

[1] With his appeal, Reynolds filed a copy of the Order in issue and the Docket sheet. This does not constitute a designation of the record, however.

3

2018. *Id.* at 2. In doing so, I extended the time for Reynolds to provide the required designation to the clerk of the Bankruptcy Court and to appellee.

On May 2, 2018, the Clerk of this Court docketed "Appellant's Designation of Items To Be Included In The Record On Appeal," which is dated April 27, 2018. *See* ECF 16. Even assuming it was timely filed, it merely lists items Reynolds would like the Court to review on appeal. Some of the items are already in the record; others are not. Notably, Reynolds has not provided a "transcript of all relevant testimony and copies of all relevant exhibits", as required by Fed. R. Bankr. P. 8009(b)(5). Nor is it this Court's responsibility to scour the docket of the Bankruptcy Court to locate all of the documents listed by Reynolds on the designation. Moreover, it does not appear that Reynolds filed the document (ECF 16) "with the bankruptcy clerk", as required by Fed. R. Bankr. P. 8009(a)(1)(A).

Appellant's failure to provide the documents he designated would justify dismissal of his appeal. *See Lardas v. Grcic*, 847 F.3d 561, 569 n.3 (7th Cir. 2017) ("We cannot entertain claims that factual findings were clearly erroneous when the party claiming error fails to include in the appellate record the evidence we would need to evaluate the claim."); *Morrison v. Morrison*, 661 F. App'x 573, 575 (11th Cir. 2016) (concluding that the appellant's failure to request and designate a bankruptcy court reporter transcript pursuant to Fed. R. Bankr. P. 8009(a)(1)(A) constituted proper grounds for the district court to affirm the decision of the bankruptcy court); *Sheppard v. Love*, 16-cv-169, 2016 WL 7324100, at *3 (W.D. Tex. Dec. 15, 2016) ("Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court. And without such review the Court is left with no choice but to affirm the ruling of the bankruptcy court."); *In re Cupit*, 541 B.R. 739, 745 (D. Colo. 2015) ("If the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, this Court is unable to rule on

4

that issue and may summarily affirm the bankruptcy court.") (internal quotation marks omitted). Nevertheless, in the exercise of my discretion, I will not dismiss the appeal on this basis. Instead, I will review the matter on the merits, considering only these exhibits that have been provided to the Court.

## B.

### 1.

In general, the standard of review of a bankruptcy appeal in district court is the same standard used when an appellate court reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2) (providing that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts"); *see also Conrad v. Schlossberg*, 555 B.R. 514, 515-16 (D. Md. 2016) (citing 28 U.S.C. § 158(c)(2)); *Craddock Washabaugh v. Miller*, 16-cv-694, 2016 WL 4574690, at *1 (M.D.N.C. Sept. 1, 2016) (same); *Engell v. Sheetz*, 16-cv-5-BR, 2016 WL 3579011, at *1 (E.D.N.C. June 24, 2016) (same). "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *Harman v. Levin*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985) (internal quotations omitted); *see also In re LightSquared, Inc.*, 534 B.R. 522, 525 (S.D.N.Y. 2015) (recognizing, *inter alia*, the district court's power to remand with instructions for further proceedings).

The district court reviews the bankruptcy judge's findings of fact under the "clear error" standard. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *Mort Ranta v. Gorman*, 721 F.3d 241, 250 (4th Cir. 2013). A finding of fact is clearly erroneous when the record demonstrates to the reviewing court that "a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see, e.g., Andrews v. Am.'s Living Cntr's, LLC*, 827 F.3d 306, 312 (4th

Cir. 2016); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012). And, the bankruptcy court's conclusions of law are subject to *de novo* review. *In re Taneja*, 743 F.3d at 429; *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999).

Pursuant to Fed. R. Bankr. P. 7056, Rule 56 of the Federal Rules of Civil Procedure applies to adversary proceedings. Under Fed. R. Civ. P. 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law."). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The Supreme Court has clarified that not every factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of*

*Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.*

Notably, "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004); *see also Celotex*, 477 U.S. at 322-24. As indicated, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587; *accord Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

Moreover, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, in considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442

7

(4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

**2.**

On or about April 19, 2013, the DLLR, Division of Unemployment Insurance, determined that Reynolds had committed fraud while drawing unemployment insurance benefits, because he intentionally underreported his earnings. In particular, he underreported or failed to report all of his earned income from the University of Florida for the weeks ending February 4, 2012 to March 16, 2013. ECF 8-6 at 3. As a result, Reynolds was overpaid as to unemployment benefits. As discussed, *infra*, that ruling was upheld in two agency appeals.[2]

On August 4, 2016, Reynolds became the debtor in a Chapter 7 bankruptcy proceeding lodged in the District of Maryland. *See* RAG-16-20497 (D. Md.); ECF 8-1, ¶ 7. DLLR subsequently filed an adversary proceeding in that case to bar discharge of Reynolds's debt to DLLR. In the Adversary Complaint (ECF 10-1), DLLR sought a judgment of $6,858.71, plus recovery of the filing fee of $350. *Id.* at 5, ¶¶ B, C.[3] According to DLLR, the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A). *Id.* ¶ 20.

The Bankruptcy Court held a hearing on October 11, 2017, on cross motions for summary judgment. *See* ECF 1-2 at 3. Neither party has submitted the transcript of that hearing, and Reynolds did not provide his submissions to the Bankruptcy Court.[4]

---

[2] Curiously, DLLR states in its brief that the Circuit Court for Baltimore County affirmed DLLR's determination that Reynolds underreported his wages. *See* ECF 10 at 5, 11. However, in DLLR's memorandum of law supporting its summary judgement motion, DLLR indicated that Reynolds did not seek judicial review in the circuit court. *See* ECF 8-4 at 5-6.

[3] In particular, DLLR claimed that it was entitled to $3,958.71 in overpayment principal, as well as interest based on fraud, in the amount of $2,900. ECF 10-1, ¶ 20.

[4] Reynolds designated his motion for summary judgment and his opposition to DLLR's motion for summary judgment. *See* ECF 16. However, he did not provide copies to the Court.

According to DLLR, the only issue before the Bankruptcy Court was whether Reynolds's debt to DLLR was dischargeable under 11 U.S.C. § 523. *See* ECF 10 at 7. In DLLR's memorandum of law supporting its motion for summary judgment, it argued that the final determination of DLLR, a Maryland State agency, concluding that Reynolds had fraudulently underreported his wages, was entitled to preclusive effect in the adversary proceeding. ECF 8-4 at 5-7; *see Univ. of Tenn. v. Elliot*, 478 U.S. 788, 799 (1986) ("[F]ederal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts."); *Batson v. Shiflett*, 325 Md. 684, 702, 602 A.2d 1191, 1200 (1992) ("[A]gency findings made in the course of proceedings that are judicial in nature should be given the same preclusive effect as findings made by a court.").

In the Order of October 13, 2017 (ECF 1-1), the Bankruptcy Court granted DLLR's motion for summary judgment. As noted, it also concluded that Reynolds's debt was "non-dischargeable" under 11 U.S.C. § 523(a)(2)(A). Neither party has informed the Court as to whether the bankruptcy Judge gave an oral ruling and, if so, what was said. And, as noted, Reynolds failed to provide a transcript.

In any event, 11 U.S.C. § 523(a)(2)(A) states, *id.*: "(a) A discharge under . . . this title does not discharge an individual debtor from any debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]"

The Bankruptcy Court's Order of October 13, 2017, is supported by considerable evidence. Appellee's Designation of Record includes ECF 8-2 (Benefits Overpayment Summary, dated October 20, 2016); ECF 8-8 (same); ECF 8-9 (same); ECF 8-11 (DLLR Fact

9

Finding Report, submitted on April 19, 2013); ECF 8-6 (Affidavit of Cheryl Wood, employee of DLLR, dated July 17, 2017); ECF 8-10 (DLLR's Notice of Benefit Determination, dated April 19, 2013); ECF 8-12 (Decision of DLLR's Division of Appeals, dated July 29, 2013, upholding the determination that Reynolds committed fraud).

The evidence shows, *inter alia*, that Reynolds, as Claimant, was interviewed by DLLR on April 4, 2013. ECF 8-11. On April 18, 2013, DLLR concluded that Reynolds "committed a fraudulent act" within the meaning of Md. Code (2016 Repl. Vol.), § 8-1301 of the Labor and Employment Article ("L.E."). On this basis, benefits were denied. *Id.*

Reynolds challenged that ruling in an appeal to DLLR's Lower Division of Appeals ("Division of Appeals"), where the appeal was considered by a Hearing Examiner (the "Examiner"). *See* ECF 8-12 at 1-7. The Examiner held a hearing on July 12, 2013. *See* ECF 8-12 at 7. It appears that Reynolds was represented by counsel. *Id.* at 1; *see also* ECF 8-4 at 5.

The issues before the Division of Appeals included, *inter alia*, whether Reynolds received wages in excess of his weekly benefit amount and failed to disclose them in order to obtain unemployment insurance benefits. *See* L.E. §§ 8-1301 and 8-809(b). In addition, the Division of Appeals considered whether benefits were overpaid to Reynolds under L.E. § 8-809(a). *See* ECF 8-12 at 1.

On July 29, 2013, the Division of Appeals issued a thorough, detailed, and comprehensive 6-page, single-spaced ruling upholding the DLLR. *See* ECF 8-12 at 1-6.

Among other things, the Division of Appeals reviewed Reynold's work history at the relevant time. It explained that, in verifying Reynolds's wages, DLLR discovered that the University of Florida had reported wages for him in Florida. *Id.* at 2. Further, based on an

interview of Reynolds on April 4, 2013, it noted that the Claim Specialist found that Reynolds "concurrently received unemployment insurance benefits to which [he] was not entitled." *Id.*

The opinion includes a chart, by week and year, of Reynolds's actual earnings, what he reported in wages, and what he was paid in unemployment insurance benefits. *Id.* at 3. The decision also recounts Reynolds's explanation for what occurred (*id.* at 4) and the applicable law. *Id.* at 4-5. The Examiner carefully evaluated the evidence before rejecting Reynolds's explanation that his conduct was unintentional and unknowing. The Examiner observed that "the claimant still knew or should have known that he was receiving benefits for which he was not entitled." *Id.* at 6. Further, the Examiner observed, *id.*: "[I]f the claimant had reported his earned wages as he stated, the claimant would not have received any benefits." And, the Examiner did "not find it credible" that Reynolds never checked his account and thus was unaware of monies deposited into it by DLLR. *Id.*

Therefore, the Division of Appeals concluded, *inter alia*, that Reynolds "knowingly made a false statement and/or failed to disclose a material fact in order to obtain or increase benefits within the meaning of [L.E. § 8-809(b)]." *Id.*

Thereafter, Reynolds appealed to the DLLR Board of Appeals (the "Board"). *See* ECF 8-12 at 9-16; *see id.* at 7. On October 16, 2013, the Board issued its comprehensive decision. *Id.* at 9-16. In its decision, the Board conducted a thorough review of the record and the findings made by the Lower Division of Appeals. *Id.* at 9-16. Among other things, the Board reviewed the chart of Reynolds's actual earnings, reported earnings, and the amounts he was paid in unemployment insurance benefits based upon the reported earnings. *Id.* at 5. The Board found, "based upon a preponderance of credible evidence", that Reynolds "had the requisite intent to make a false representation" to DLLR and that Reynolds "fail[ed] to report all of his wages." *Id.*

11

at 14-15. Moreover, the Board found that "this underreporting was no simple mistake, but an intentional, deliberate failure . . . to accurately report his wages." *Id.*

The Board concluded that DLLR had "met its burden of establishing" that Reynolds "was overpaid benefits within the meaning of [L.E.] § 8-809(a)." *Id.* at 15 (emphasis removed from original). Accordingly, it affirmed the decision of DLLR. *Id.* at 16.

## II. Conclusion

I am unable to discern any error, either of fact or law, in connection with the ruling of the Bankruptcy Court. *See* ECF 1-1. Accordingly, I shall affirm the Order of the Bankruptcy Court (ECF 1-1).

An Order follows.

Date: May 4, 2018

/s/
Ellen Lipton Hollander
United States District Judge