FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 OCT 16 PM 6:16
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA REYNOLDS

*Appellant,*

v.

Civil Action No. ELH-17-3158

STATE OF MARYLAND, DEPARTMENT
OF LABOR, LICENSING AND
REGULATION

*Appellee.*

## MEMORANDUM

On May 4, 2018, this Court entered a Memorandum (ECF 17) and Order (ECF 18) (collectively, the "Dismissal Order"), dismissing a bankruptcy appeal filed by appellant Joshua Reynolds, who is self-represented. The instant Memorandum resolves Reynolds' "Motion to Vacate Judgment" (ECF 22) (the "Motion"), filed on June 5, 2018. The Motion is predicated on Rule 60 of the Federal Rules of Civil Procedure, which governs relief from a judgment or order of a district court.[1] However, as explained, *infra*, I shall construe the Motion as a motion for rehearing under Rule 8022 of the Federal Rules of Bankruptcy Procedure.

The Maryland Department of Labor, Licensing and Regulation ("DLLR"), appellee, filed an opposition to the Motion (ECF 23), supported by a memorandum of law (ECF 23-1) (collectively, the "Opposition") and an exhibit. ECF 23-2. However, "unless the district court or

---

[1] Appellant filed the Motion 32 days after the Court entered the Order. As a result, the Motion is not a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). Regardless, as explained, *infra*, neither Rule 59(e) nor Rule 60 applies "to a district court sitting as a bankruptcy appellate court." *In re Bli Farms, P'ship*, 465 F.3d 654, 658 (6th Cir. 2006) (citing *In re Butler, Inc.*, 2 F.3d 154, 155 (5th Cir. 1993)).

BAP [Bankruptcy Appellate Panel] requests, no response to a motion for rehearing is permitted." Fed. R. Bankr. P. 8022(a)(3). No reply was filed.

The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, "[o]ral argument is not permitted" for a motion for rehearing. Fed. R. Bankr. P. 8022(a)(2).

For the reasons that follow, I shall deny the Motion.

## I. Discussion

The exclusive avenue for post-judgment reconsideration of a district court's decision in a bankruptcy appeal is Fed. R. Bankr. P. 8022, not Fed. R. Civ. P. 60. Rule 8022, previously known as Rule 8015, provides: "Unless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after entry of judgment on appeal."[2]

To my knowledge, the Fourth Circuit has not considered in a reported opinion the interplay between Rule 60 and Rule 8022. But, it appears that every reported federal appellate decision to have done so has concluded that Bankruptcy Rule 8022 "'provides the sole mechanism for filing a motion for rehearing' from a final order of the district court sitting in [its] capacity" as a bankruptcy appellate court. *In re Bli Farms, P'ship*, 465 F.3d 654, 658 (6th Cir. 2006) (quoting *In re Butler, Inc.*, 2 F.3d 154, 155 (5th Cir. 1993)) (some internal quotation marks and citations omitted). Therefore, "irrespective of how parties characterize their motions for

---

[2] Fed. R. Bankr. P. 8022 "is derived from former Rule 8015 and F.R.App.P. 40. It deletes the provision of former Rule 8015 regarding the time for appeal to the court of appeals because the matter is addressed by F.R.App.P. 6(b)(2)(A)." *See* Fed. R. Bankr. P. 8022 advisory committee's note to 2014 amendment.

2

reconsideration in bankruptcy appeals," such motions should be considered under Rule 8022. *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1020 (D.C. Cir. 2004); *accord In re Minh Vu Hoang*, 484 B.R. 87, 94 (D. Md. 2012) ("When the district court is acting as an appellate court in a bankruptcy case, Rule 8015 provides the sole mechanism for filing a motion for rehearing."); *In re Zegeye*, Civ. No. DKC-04-1387, 2005 WL 544763, at *1 (D. Md. Mar. 4, 2005).

Under Rule 8022, "rehearing" is a term of art that is analogous to "reconsideration." *Cf. In re Zegeye*, No. 2004-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005) ("[For motions for rehearing,] [a]t least two courts have applied the test traditionally used to evaluate motions for reconsideration"); *id.* at *1 (quoting 10 Collier on Bankr.P 8015.01 (15 ed. rev. 2004) (stating that the purpose of Rule 8022 "is to provide recourse to a party who, after a district court or bankruptcy appellate panel has decided an appeal, 'believes that the appellate tribunal has overlooked or misapprehended some point of law or fact.'"). A motion for rehearing may be properly filed and considered even if the district court did not previously hold a hearing on the appeal.

It follows that Reynold's Motion is properly considered under Rule 8022. And, under that rule, it is untimely. The Motion was filed 32 days after the Dismissal Order was entered. But, under Rule 8022, a motion must be filed within 14 days after such an order. *Cf. In re Guerrero*, 599 F. App'x 137, 139 (5th Cir. 2015) ("[I]t could not have been a timely motion for rehearing because Federal Rule of Bankruptcy Procedure 8022 provides a fourteen-day period for filing and Satterwhite filed his motions twenty-eight days after the district court entered its final judgment[.]").

Additionally, I have no discretion to extend the filing period, *sua sponte*. Fed. R. Bankr. P. 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The first basis for an extension is unavailable, as the period for Reynolds to file his motion expired on May 18, 2018. The second basis is also unavailable, because "after the expiration of the specified period," I may only extend the period "on motion made" and appellant has not moved for an extension. *Id.*; *see also* Docket.

## II. Conclusion

For the aforementioned reasons, defendants' Motion is denied. A separate Order follows.

Date: October 16, 2018            /s/
                                                 Ellen Lipton Hollander
                                                 United States District Judge