FILED
U.S. DISTRICT COURT
2019 APR 11 PM 6: 43

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA REYNOLDS

    *Appellant,*

    v.

STATE OF MARYLAND, DEPARTMENT
OF LABOR, LICENSING AND
REGULATION

    *Appellee.*

Civil Action No. ELH-17-3158

## MEMORANDUM

On May 4, 2018, this Court entered a Memorandum (ECF 17) and Order (ECF 18) (collectively, the "Dismissal Order"), dismissing a bankruptcy appeal filed by appellant Joshua Reynolds, who is self-represented. Reynolds asserts that, in response, he sent a motion to vacate judgment to the Clerk's Office on May 18, 2018. *See* ECF 20; ECF 26 at 1. The Court acknowledged that Reynolds' motion was received on May 24, 2018, but returned the motion the next day due to deficiencies in the submission. ECF 20. Specifically, Reynolds did not attach a certificate of service to the document, and the document did not contain an original signature. *Id.*

Thereafter, on June 5, 2018, Reynolds filed a "Motion to Vacate Judgment" pursuant to Fed. R. Civ. P. 60. ECF 22 ("Motion to Vacate"). It is dated May 18, 2018. *Id.* at 2. Reynolds appears to have made the corrections to his earlier submission. *See* ECF 20.

On October 16, 2018, this Court issued a Memorandum (ECF 24) and Order (ECF 25) (collectively, the "Order") denying the Motion to Vacate. On November 19, 2018, Reynolds filed a response to the Order. ECF 26. I shall construe ECF 26 as a motion for rehearing under Fed. R. Bankr. P. 8022, and shall refer to it as the "Motion."

The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, "[o]ral argument is not permitted" on a motion for rehearing. Fed. R. Bankr. P. 8022(a)(2).

For the reasons that follow, I shall deny the Motion.

## I. Discussion

### A. The Order

As explained in the Order of October 16, 2018 (ECF 24; ECF 25), the exclusive avenue for post-judgment reconsideration of a district court's decision in a bankruptcy appeal is Fed. R. Bankr. P. 8022. Rule 8022, formerly known as Rule 8015, governs motions for rehearing in this context. *See In re Minh Hoang*, 484 B.R. 87, 94 (D. Md. 2012) ("'When the district court is acting as an appellate court in a bankruptcy case, Rule [8022] provides the sole mechanism for filing a motion for rehearing.'") (quoting *In re Zegeye*, DKC 2004-1387, 2005 WL 544763, at *1 (D. Md. Mar. 4, 2005). Rule 8022 provides: "Unless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or [bankruptcy appellate panel] must be filed within 14 days after entry of judgment on appeal." Fed. R. Bankr. P. 8022.

I explained in the Order that Reynolds' motion of June 5, 2018, was properly considered under Rule 8022. And, under that rule, it was untimely, as it was filed 32 days after entry of the Dismissal Order on May 4, 2018. Moreover, even if Reynolds had properly filed the Motion to Vacate on May 25, 2018, he still would have submitted it 7 days late.

Additionally, I had no discretion to extend the filing period, *sua sponte*. Fed. R. Bankr. P. 9006(b)(1) provides:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The first basis for an extension was unavailable, as the period for Reynolds to file his motion expired on May 18, 2018. The second basis was also unavailable, because "after the expiration of the specified period," I may extend the period only "on motion made" where the movant failed to act because of "excusable neglect." Appellant had not moved for an extension. Fed. R. Bankr. P. 9006(b)(1); *see also* Docket.

### B.     Motion for Rehearing

Reynolds now requests this Court to reconsider the Order on the grounds that he "sent his Motion to Vacate Ruling to the Court on 5/18/18." ECF 26 at 1. The Motion to Vacate is dated May 15, 2018. ECF 22 at 1. But, Reynolds filed a paper copy of it by mail. *Id.* at 7. Fed. R. App. P. 25(a)(2)(A) provides, in relevant part: "For a paper not filed electronically, filing may be accomplished by mail addressed to the clerk, but *filing is not timely unless the clerk receives the papers within the time fixed for filing.*" *Id.* (emphasis added). The submission was not received by the Clerk until May 25, 2018. ECF 20. Because Reynolds filed a paper copy of the Motion to Vacate by mail, ECF 22 at 7, it was untimely filed pursuant to Fed. R. App. P. 25(a)(2)(A).

Even if Rule 25(a)(2)(A) did not apply, the Motion for rehearing is untimely filed under Rule 8022. On October 16, 2018, I entered the Order denying Reynolds' Motion to Vacate Judgment (ECF 22). *See* Docket. To comply with Rule 8022's fourteen-day deadline, Reynolds had to file his Motion for rehearing on or before October 30, 2018. But, he failed to file his Motion until November 19, 2018. In his Motion, Reynolds offers no justification for his belated filing.

3

Here too, I have no discretion to extend the filing period *sua sponte* under Rule 9006(b)(1). The first basis for an extension is unavailable, as the period for Reynolds to file his Motion expired on October 30, 2018. The second basis is also unavailable, because I may extend the period after its expiration only "on motion made" by the party where the movant failed to act because of "excusable neglect." *Id.* Although Reynolds has provided an explanation for his tardy filing of the "Motion to Vacate Judgment" (ECF 22), he did not move for an extension or show excusable neglect for his late filing of the Motion. *See* ECF 26; *see* Docket.

I am mindful that pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "mistakes by those who proceed without counsel are not necessarily excusable." *Nicholson v. City of Warren,* 467 F.3d 525, 527 (6th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Accordingly, I conclude that Reynolds' Motion must be denied, for the reasons stated.

## II. Conclusion

For the aforementioned reasons, Reynolds' Motion is denied. An Order follows.

Date: April 11, 2019

_____/s/_____
Ellen Lipton Hollander
United States District Judge